IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KEITH LARON JESSE, EDMOND R. JESSE, and KATHLEEN M. JESSE, | 4:12CV3039 |
| Plaintiffs, | **MEMORANDUM AND ORDER** |
| v. | |
| LANCE R. JESSE and TERRY CURTISS, | |
| Defendants. | |

This matter is before the court on Defendants' Motion to Dismiss. (Filing No. 8.) Also pending is Plaintiffs' request to name additional defendants. (Filing No. 12 at CM/ECF pp. 1-2.) As set forth below, the court will grant Defendants' motion, and deny Plaintiffs' request to name additional defendants.

## I. BACKGROUND AND SUMMARY OF COMPLAINT

Plaintiffs' Edmond and Kathleen Jesse and their son, Keith Jesse, filed their Complaint in this court on March 1, 2012. (Filing No. 1.) They have named Lance Jesse and Terry Curtiss as defendants in this matter. (*Id.*) Plaintiffs allege that Lance Jesse is Edmond and Kathleen Jesse's son, and Terry Curtiss is Lance Jesse's attorney in a state court case pending in the District Court of Sheridan County, Nebraska, at *Jesse v. Jesse*, Case No. CI 11-58 ("*Jesse v. Jesse*"). (*Id.*; *see also* Filing No. 12 at CM/ECF p. 1.) The court takes judicial notice of the records of the District Court of Sheridan County, Nebraska, which reflect that Edmond and Kathleen Jesse are the

plaintiffs in *Jesse v. Jesse*, and Lance Jesse is the defendant. (Filing No. 14 at CM/ECF p. 5.)[1]

In Plaintiffs' Complaint, they allege Lance Jesse and Terry Curtiss have committed fraud in *Jesse v. Jesse*. (Filing No. 1 at CM/ECF p. 3.) They also allege that Lance Jesse has refused to fulfill his obligations to the family's ranching operation, the Flying W. Ranch, Inc. (*Id.* at CM/ECF pp. 3-8.) The court notes that the ownership and management of the Flying W. Ranch, Inc. are the subject of the state-court proceedings in *Jesse v. Jesse*. (Filing No. 14 at CM/ECF pp. 5-143.)

In Defendants' Motion to Dismiss, they argue that dismissal is warranted because this court lacks subject-matter jurisdiction. (Filing No. 8.) Plaintiffs have responded to the Motion to Dismiss; however, they did not address Defendants' argument that this court lacks subject-matter jurisdiction. (Filing No. 10.)

## II. PLAINTIFFS' REQUEST TO NAME ADDITIONAL DEFENDANTS

Plaintiffs seek to add Travis O'Gorman and Dennis King as defendants in this matter. (Filing No. 12 at CM/ECF pp. 1-2.) The records of the District Court of Sheridan County, Nebraska, reflect that Travis O'Gorman is the presiding judge in *Jesse v. Jesse*, and Dennis King is the court-appointed receiver. (Filing No. 14 at CM/ECF pp. 5-143.)

Plaintiffs have not provided any specific allegations as to what Travis O'Gorman or Dennis King did wrong or how they contributed to Plaintiffs' injuries. Indeed, Plaintiffs state only that they seek to add them as defendants "due to more and

---

[1] In general, the court may not consider materials outside the pleadings on a motion to dismiss. However, the court may take judicial notice of judicial opinions and public records, and it does so here. *See*, *e.g.*, *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005).

continued Corruption and Fraud in a State Court case." (Filing No. 12 at CM/ECF p. 1.) This statement is insufficient to state a claim against these two individuals. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level."); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Moreover, given that Travis O'Gorman is the presiding judge and Dennis King is the court-appointed receiver in *Jesse v. Jesse*, they are likely entitled to judicial immunity and quasi-judicial immunity, respectively. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (reiterating judge is immune from suit for damages unless actions were non-judicial or taken in complete absence of all jurisdiction); *Robinson v. Freeze*, 15 F.3d 107, 109 (8th Cir. 1994) ("[W]e have extended absolute immunity to officials for acts they are specifically required to do under court order or at a judge's direction.") (internal quotation omitted); *see also Teton Millwork Sales v. Schlossberg*, 311 F.App'x 145, 150 (10th Cir. 2009) (stating a court-appointed receiver is entitled to absolute quasi-judicial immunity if he is faithfully carrying out the appointing judge's orders). Accordingly, Plaintiffs' request to name Travis O'Gorman and Dennis King as defendants is denied as futile.

### III. DEFENDANTS' MOTION TO DISMISS

Defendants argue the court should dismiss this matter because, among other things, this court lacks subject-matter jurisdiction. (Filing No. 8.) The court agrees.

### A.  Diversity of Citizenship Jurisdiction

A court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). Subject-matter jurisdiction may exist pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of

3

citizenship" jurisdiction. For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan ex rel. Ryan v. Schneider Natl. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a).

Here, Defendants are both citizens of the State of Nebraska. (Filing No. 1 at CM/ECF p. 2.) Edmond and Kathleen Jesse are also citizens of the State of Nebraska. (*Id.* at CM/ECF pp. 12-13.) Thus, the citizenship of each plaintiff is *not* different from the citizenship of each defendant, and diversity of citizenship does not exist.

### B. Federal-Question Jurisdiction

In addition to diversity of citizenship jurisdiction, subject-matter jurisdiction may also exist where a plaintiff asserts a "non-frivolous claim of a right or remedy under a federal statute," commonly referred to as federal-question jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986).

Here, it appears Plaintiffs intended to invoke federal-question jurisdiction under 42 U.S.C. § 1983. (Filing No. 1 at CM/ECF p. 2.) In order to obtain relief under 42 U.S.C. § 1983, a plaintiff must show (1) the deprivation of a right secured by the Constitution or laws of the United States, and (2) that a person acting under color of state law caused the deprivation. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiffs list several constitutional amendments in their statement of jurisdiction, but do not set forth any specific actions taken by Defendants that violate any constitutional right or support a claim under 42 U.S.C. § 1983 or any other federal statute. In addition, Plaintiffs do not allege that Defendants are state actors. Indeed, Plaintiffs allege that Defendants are Plaintiffs' relative (Lance Jesse) and his attorney

(Terry Curtiss), not state actors. In short, Plaintiffs do not allege that Defendants deprived them of a right secured by the Constitution or laws of the United States or that the alleged deprivation was committed under color of state law.

The court notes that Plaintiffs' statement of jurisdiction also contains the following language: "Plaintiff also brings this main action through [civil RICO statute]." (Filing No. 1 at CM/ECF p. 2 (brackets in original).) This passing reference to "RICO," or the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, bears no relation to Plaintiffs' allegations and is insufficient to establish a federal question. *See*, *e.g.*, *Stewart v. Washington Mut., FA*, No. 09-1180-HU, 2010 WL 430009, at *3 (D. Or. Feb. 4, 2010) (stating passing references to federal statutes, without more, are insufficient to establish federal jurisdiction). Indeed, to state a civil RICO claim, a plaintiff must prove, among other things, that the defendant engaged in conduct of an enterprise through a pattern of racketeering activity. *Asa-Brandt, Inc. v. ADM Inv. Servs., Inc.*, 344 F.3d 738, 752 (8th Cir. 2003). Here, even under the most liberal construction, there are no allegations of enterprises or racketeering activities.

For the foregoing reasons, this court lacks subject-matter jurisdiction over Plaintiffs' Complaint. Regardless, even if the court had subject-matter jurisdiction over this matter, it would abstain from exercising it in light of the parallel, ongoing state-court proceedings in *Jesse v. Jesse*. See *Aaron v. Target Corp.*, 357 F.3d 768, 774 (8th Cir. 2004) ("Under *Younger v. Harris*, [401 U.S. 37 (1971)], federal courts should abstain from exercising jurisdiction in cases where equitable relief would interfere with pending state proceedings in a way that offends principles of comity and federalism.")

IT IS THEREFORE ORDERED that:

5

1.Defendants' Motion to Dismiss (filing no. 8) is granted and this matter is dismissed without prejudice to reassertion in the proper forum.

2.Plaintiffs' request to add additional parties is denied. (Filing No. 12 at CM/ECF pp. 1-2.)

3.A separate judgment will be entered in accordance with this Memorandum and Order.

4.All other pending motions are denied as moot.

DATED this 22nd day of June, 2012.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.